IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TEXAS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MELISSA A. MIMS, as temporary guardian and conservator for KEVIN MIMS, an adult ward; ARCO MANAGEMENT OF GEORGIA, LLC; MULTIFAMILY MANAGEMENT OF PHILADELPHIA, LLC; BON AIR APARTMENTS, LP; REDWOOD COMMUNITIES, INC.; and EVAN M. JACKSON, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

CIVIL ACTION FILE NO.:

_____

**COMPLAINT FOR DECLARATORY JUDGMENT**

Texas Insurance Company ("TIC") hereby files this Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, stating as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57 to determine and resolve questions of actual controversy involving Insurance Policy No. JTI23PANN-02433-01 (the "Policy") issued by TIC to Redwood Housing Partners, LLC for the period

of May 15, 2023, to May 15, 2024. A true, accurate, and correct copy of the Policy is attached hereto as Exhibit A.

2. TIC seeks a declaration regarding its defense and indemnity obligations, if any, under the Policy in connection with the lawsuit styled *Melissa A. Mims, as temporary guardian and conservator for Kevin Mims, an adult ward v. ARCO Management of Georgia, LLC; Multifamily Management of Philadelphia, LLC; Bon Air Apartments, LP; Redwood Communities, Inc.; and Evan M. Jackson*, Case No. 25A01707, in the State Court of DeKalb County, Georgia (the "Underlying Lawsuit"). A true, accurate, and correct copy of the Complaint in the Underlying Lawsuit (the "Underlying Complaint") is attached hereto as Exhibit B.

3. The Underlying Lawsuit arises out of the alleged assault and battery of Kevin Mims that occurred at property known as Bon Air Apartments, which was allegedly owned, occupied, controlled and/or managed by Defendants ARCO Management of Georgia, LLC ("ARCO"), Multifamily Management of Philadelphia, LLC ("MMP"), Bon Air Apartments, LP ("Bon Air"), and Redwood Communities, Inc. ("Redwood").

4. TIC is currently providing a defense against the Underlying Lawsuit to ARCO, MMP, Bon Air, and Redwood under a reservation of rights.[1]

---

[1] Upon information and belief, Mr. Jackson has not been served with the Summons and Complaint in the Underlying Lawsuit.

5. In this action, TIC seeks a declaration that the Policy's $100,000 each occurrence/offense Assault and/or Battery Sublimit (the "Sublimit") applies to all claims in the Underlying Lawsuit.

6. TIC also seeks a declaration that it has no further defense or indemnity obligations under the Policy in connection with the Underlying Lawsuit upon exhaustion of that Sublimit.

## THE PARTIES

7. Texas Insurance Company is a corporation organized and existing under the laws of the state of Texas, with its principal place of business in the state of Nebraska; therefore, it is a citizen of Texas and Nebraska.

8. Melissa Mims is a citizen and resident of Georgia.

9. ARCO Management of Georgia, LLC ("ARCO") is a limited liability company organized and existing under the laws of the state of Georgia, with its principal place of business located at 5499 North Federal Highway, Suite K, Boca Raton, Florida 33487. To the best of TIC's knowledge, information, and belief, formed after a reasonable inquiry, none of ARCO's members are citizens of either New York or Illinois. Thus, TIC has sufficiently alleged diversity jurisdiction on this basis. *See, e.g.*, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015). ARCO may be served process via service upon its registered agent, United Corporate Services, Inc., at 4228 First Avenue, Suite 14, Tucker, Georgia

30084.

10.     Multifamily Management of Philadelphia, LLC ("MMP") is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 4 Executive Boulevard, Suite 100, Suffern, New York 10901. To the best of TIC's knowledge, information, and belief, formed after a reasonable inquiry, none of MMP's members are citizens of either New York or Illinois. Thus, TIC has sufficiently alleged diversity jurisdiction on this basis. *See, e.g.*, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015). MMP may be served process via service upon its registered agent, United Corporate Services, Inc., at 4228 First Avenue, Suite 14, Tucker, Georgia 30084.

11.     Bon Air Apartments, LP ("Bon Air") is a limited partnership organized and existing under the laws of the state of Georgia, with its principal place of business located at 506 2nd Avenue, 20th Floor, Seattle, Washington 98104. To the best of TIC's knowledge, information, and belief, formed after a reasonable inquiry, none of Bon Air's partners are citizens of either New York or Illinois. Thus, TIC has sufficiently alleged diversity jurisdiction on this basis. *See, e.g.*, *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 107 (3d Cir. 2015). Bon Air may be served process via service upon its registered agent, CT Corporation System, at 289 South Culver Street, Lawrenceville, Georgia 30046.

12. Redwood Communities, Inc. ("Redwood") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 506 2nd Avenue, 20th Floor, Seattle, Washington 98104. Therefore Redwood is a citizen of Delaware and/or Washington. Redwood may be served process via service upon its registered agent, Registered Agent Solutions, Inc., at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

13. Upon information and belief, Evan M. Jackson is a citizen and resident of Georgia. He may be served process by service of a copy of the Complaint and Summons at 554 South Old Belair Road, Grovetown, Georgia 30813.

**JURISDICTION AND VENUE**

14. An actual, justiciable controversy exists between TIC and Defendants within the meaning of 28 U.S.C. § 2201 with regard to the application of the Sublimit discussed below.

15. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties, and the matter in controversy, exclusive of interest, attorneys' fees, and costs, exceeds $75,000, as demonstrated by the subject Policy's $100,000 Sublimit

16. This Court has personal jurisdiction over Defendants because they are residents of and/or registered to conduct business in the State of Georgia.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a

substantial part of the events giving rise to this lawsuit occurred in this district.

18.     Venue is proper in the Atlanta Division of the Northern District of Georgia pursuant to 28 U.S.C. § 90(a)(2) because the Underlying Lawsuit giving rise to this dispute is pending in Dekalb County, Georgia, which is located within the Atlanta Division; and some of the Defendant insureds/additional insureds who are covered by the Policy reside within the Atlanta Division of the Northern District of Georgia.

**FACTUAL BACKGROUND**

I.      **The Underlying Lawsuit**

19.     Ms. Mims, as temporary guardian and conservator for Kevin Mims, an adult ward, filed the Underlying Lawsuit on March 14, 2025, alleging as follows:

> The Bon Air Apartments are a low-income apartment complex located in Augusta, Georgia. On September 23, 2023, Kevin Mims ("Mr. Mims") was severely injured when one or more persons at the Bon Air Apartments violently attacked Mr. Mims. Earlier that day, Mr. Mims had been discharged from a long-term stay in the hospital and went to the Bon Air Apartments to meet a family member who was going to help him recover from his recent medical treatment. While looking for his family member, Mr. Mims was confronted by two or more members of the staff at the Bon Air Apartments. Mr. Mims explained that he was looking for his family member, but staff members forced Mr. Mims into an elevator. In the elevator, one of the employees, Mr. Evan M. Jackson, attacked Mr. Mims. Mr. Jackson repeatedly used a taser on Mr. Mims. While Mr. Mims was on the ground, the Bon Air employee repeatedly kicked Mr. Mims — ultimately breaking Mr. Mims's femur bone. As a result of the injuries Mr. Mims sustained from the assault and battery by Defendants' employee at the Bon Air Apartments, Mr. Mims suffered severe and permanent injuries. In just the first six weeks following this attack, Mr. Mims incurred over $470,000.00 in expenses

from medical treatment for the injuries caused by the actions and inactions of the Defendants and Defendants' employees, agents, and representatives.

(Underlying Compl., Ex. B ¶ 1).

20. The Underlying Lawsuit alleges that on that date, Bon Air and Redwood owned, occupied, and controlled the Bon Air Apartments, and MMP and ARCO occupied, managed, and controlled the Bon Air Apartments. (Underlying Compl., Ex. B ¶¶ 26-27).

21. The Underlying Lawsuit asserts claims for premises liability; assault and battery; false imprisonment; negligent hiring, retention, and training; imputed liability; punitive damages; and expenses of litigation under O.C.G.A. § 13-6-11. (Underlying Compl., Ex. B ¶¶ 37-59).

22. All of the claims in the Underlying Lawsuit arise out of the alleged assault and/or battery of Mr. Mims.

**II.   The Policy**

23. TIC issued Policy No. JT123PANN-02433-01 to Named Insured Redwood Housing Partners, LLC, which was in effect from May 15, 2023, to May 15, 2024 (the "Policy")

24. Subject to its terms, conditions, and exclusions, the Policy provides commercial general liability coverage for, among other things, sums the insured becomes legally obligated to pay as damages because of "bodily injury" and

"personal and advertising injury" to which the Policy applies.

25.    The Insuring Agreement for COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY provides, in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or property damage to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeing those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)**   The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>
> **(2)**   Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

(Policy, Ex. A, at 18).

26.    The Policy defines bodily injury as: "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Policy, Ex. A, at 30).

27.    The Insuring Agreement for COVERAGE B - PERSONAL AND ADVERSING INJURY LIABILITY provides, in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages

-8-

for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

(Policy, Ex. A, at 23).

28. The Policy defines "personal and advertising injury" as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

-9-

(Policy, Ex. A, at 32).

29. The Policy contains a Sublimited Coverages Endorsement (Assault and/or Battery – Including Firearms and Habitability), which states, in relevant part:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

| Coverage | Limit Of Insurance | | Self-insured Retention |
|---|---|---|---|
| **Assault and/or Battery (Including Firearms) and Habitability** | $100,000 | Each Occurrence/ Offense | $100,000 |
| | $200,000 | Total Aggregate | |

A. **SECTION III- LIMITS OF INSURANCE** is amended to include the following:

The most we will pay for any claim(s) made for "bodily injury", "property damage" and/or "personal and advertising injury" against, you, any insured or any person for whom you are legally responsible arising out of an "assault and/or battery" and/or "habitability" is identified in the Schedule above. Any retention listed in the Schedule shall operate in the same manner as any other retention provided within this policy.

This endorsement applies to:

a. "Assault", "Battery" or "Assault and Battery" caused, directly or indirectly, by you, any insured, any person, any entity or any by means whatsoever;

**b.** the failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by you, any insured, any person, any entity or any by means whatsoever;

**c.** the failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery";

**d.** the failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery";

**e.** "Assault", "Battery" or "Assault and Battery" resulting from the negligent employment, investigation, hiring, supervision, training or retention of any person;

**f.** the use of any "reasonable force" to protect persons or property whether or not the "bodily injury", "property damage" or "personal and advertising injury" was intended from the standpoint of you, any insured or any person, or committed by or at the direction of you, any insured or any person;

**g.** the failure to render or secure medical treatment or care necessitated by any "Assault", "Battery" or "Assault and Battery"; or

**h.** death, including any allegations of wrongful death, resulting from items **a.** through **g.** listed above. and to which this insurance applies; and;

**i.** any "bodily injury", "property damage" or "personal and advertising injury" arising out of a condition of "habitability" caused, in whole or in part by, you or anyone acting at your direction or on your behalf.

As used in this endorsement:

"Assault" means:

An intentional or unintentional act, including, but not limited to sexual abuse, sexual assault, intimidation, sexual harassment,

-11-

verbal abuse, and any other threatened harmful or offensive contact (including that involving "firearms") between two or more persons creating an apprehension in another of immediate harmful or offensive contact; whether or not caused or committed by or at the direction of, or arising out of the negligence of, you or any insured;

"Battery" means:

An intentional or unintentional act, including but not limited to sexual abuse, sexual battery, sexual molestation, or any actual harmful or offensive contact (including that involving "firearms") between two or more persons which brings about harmful or offensive contact to another or anything connected to another, whether or not caused or committed by or at the direction of, or arising out of the negligence of, you or any insured.

"Assault and Battery" means the combination of an "Assault" and a "Battery".

. . .

(Policy, Ex. A, at 68-69).

## COUNT I – DECLARATORY JUDGMENT
*The Assault and/or Battery Sublimit Applies.*

30. TIC restates and re-alleges paragraphs 1 through 29 as though fully set forth herein.

31. As set forth above, the Policy's $100,000 each occurrence/offense and $200,000 total aggregate Assault and/or Battery Sublimit is the most TIC will pay for any claims made for bodily injury, property damage, and/or personal and advertising injury against any insured arising out of an "assault and/or battery" and/or "habitability."

32. In addition, as stated above, the Policy provides that TIC's duty to defend ends when it has used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

33. All of claims in the Underlying Lawsuit arise out of an alleged assault and/or battery as the Policy defines those terms.

34. Accordingly, coverage for the claims in the Underlying Lawsuit is limited to the $100,000 each occurrence/offense Assault and/or Battery Sublimit.

35. As such, TIC is entitled to a declaration that the Assault and/or Battery Sublimit applies to all claims in the Underlying Lawsuit and that, upon exhaustion of the Sublimit, it has no further duty to defend or indemnify any party under the Policy in connection with the Underlying Lawsuit.

WHEREFORE, TIC respectfully requests that this Court enter an Order:

a. Declaring that coverage for all claims in the Underlying Lawsuit is limited to the $100,000 each occurrence/offense Assault and/or Battery Sublimit;

b. Declaring that, upon exhaustion of the $100,000 each occurrence/offense Assault and/or Battery Sublimit, TIC has no further defense or indemnity obligations under the Policy in connection with the Underlying Lawsuit; and

c.  For such other and further relief as this Court deems just and proper.

Respectfully submitted, this 3rd day of July, 2025. 2025.



Thomas G. Tidwell
Georgia Bar No. 712110
Christina M. White
Georgia Bar No. 513854
Cozen O'Connor
The Promenade, Suite 400
1230 Peachtree Street N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-2101
Facsimile: (877) 728-1396
E-mail: ttidwell@cozen.com
cwhite@cozen.com

*Attorneys for Texas Insurance Company*