**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION**

| | | |
|---|---|---|
| TEXAS INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:25-CV-03736-ELR |
| | * | |
| MELISSA A. MIMS, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

**ORDER**

Before the Court is Defendant ARCO Management of Georgia LLC and Defendant Multifamily Management of Philadelphia, LLC's Motion to Dismiss. [Doc. 22]. The Court sets forth its reasoning and conclusions below.[1]

[1] Although several motions are currently pending, this Court does not reach these motions because, as further elaborated below, the Court finds that it lacks subject matter jurisdiction over the action. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) (noting that "[w]ithout jurisdiction the court cannot proceed at all in any cause" and that, when jurisdiction is lacking, "the only function remaining to the court is that of announcing the fact and dismissing the cause." (internal alterations and quotation marks omitted)).

## I. Background and Procedural History[2]

This case arises from an insurance dispute. Plaintiff Texas Insurance Company issued an insurance policy to Redwood Housing Partners, LLC[3] (the "Policy") effective from May 15, 2023 to May 15, 2024. Am. Compl. ¶ 1 [Doc. 5]. During that time, Defendant Evan M. Jackson, an employee of an apartment complex called Bon Air Apartments, allegedly attacked Defendant Kevin Mims at the complex. Id. ¶ 19. Bon Air Apartments is owned by Defendants Bon Air Apartments, LP and Redwood Communities, Inc., and managed by Defendants ARCO Management of Georgia, LLC and Multifamily Management of Philadelphia, LLC (MMP). Id. ¶ 20. On March 14, 2025, Defendant Mims filed a lawsuit in a Georgia state court against Defendants Jackson, Bon Air, Redwood, ARCO, and MMP asserting several claims arising from the attack. Id. ¶¶ 19–22.

On July 3, 2025, while the state court action was pending, Plaintiff filed the instant lawsuit seeking a declaratory judgment regarding its defense and indemnity obligations under the Policy in relation to the state court proceeding. Id. ¶¶ 1–2.

---

[2] For purposes of the motion to dismiss, the Court accepts the allegations in the Amended Complaint as true and construes all reasonable inferences in Plaintiff's favor. Urquilla-Diaz v. Kaplan Univ., 780 F.3d 1039, 1050 (11th Cir. 2015).

[3] Plaintiff does not specifically allege a connection between the named insured "Redwood Housing Partners, LLC" and Defendant "Redwood Communities, Inc." See generally Am. Compl. However, because the Court dismisses this case on subject matter jurisdictional grounds and no defendant here has disputed the applicability of the Policy to defendants, the Court need not address this disparity.

Specifically, Plaintiff asserts that a sublimit within the policy for certain assault and battery claims applies to the state court lawsuit to limit its obligations to indemnify Bon Air, Redwood, ARCO, and MMP in that proceeding. Id. ¶¶ 29–35. Plaintiff here requests a declaration from this Court that this sublimit applies to the state court litigation and that, upon exhaustion of the sublimit, Plaintiff's duty to defend or indemnify ceases. Id. ¶ 35

On August 28, 2025, Defendants ARCO and MMP (the "Moving Defendants") filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. [Doc. 22]. Plaintiff opposes the motion. [See Doc. 27]. Having been fully briefed, the Moving Defendants' motion is ripe for the Court's review.

## II. Legal Standard

In their motion, the Moving Defendants assert several arguments as to why this Court should dismiss the case. Their first argument is that the Court lacks subject matter jurisdiction because Plaintiff fails to properly allege the citizenship of Defendant Bon Air as is required to plead diversity jurisdiction. [See Doc. 22 at 8–11].

Federal Rule of Civil Procedure 12(b)(1) provides the vehicle for challenging a plaintiff's claim for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

"Because the burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Harris v. Bd. of Trustees Univ. of Ala., 846 F. Supp. 2d 1223, 1232 (N.D. Ala. 2012) (cleaned up).

A defendant may challenge a district court's subject matter jurisdiction using two types of attacks: facial attacks and factual attacks. See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). While a factual attack "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings," a facial attack "requires the court merely to look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction." Id. at 1232–33. Here, because the Moving Defendants only rely on Plaintiff's allegations in its Amended Complaint, the Court construes their arguments as a facial attack on the Court's jurisdiction. See Hunter v. Ga. Dep't of Hum. Servs., No. 20-CV-00326, 2021 WL 12300102, at *4 (N.D. Ga. Sept. 17), R&R adopted, 2021 WL 12300080 (N.D. Ga. Nov. 8, 2021). Therefore, the Court considers only whether Plaintiff has sufficiently alleged a basis for the Court's subject matter jurisdiction in the Amended Complaint and accepts the factual allegations as true for the purposes of deciding the jurisdictional challenge. Id.

Federal district courts have original jurisdiction over civil cases in which the parties are citizens of different states and the amount in controversy exceeds

$75,000. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity between the parties, meaning that "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). As relevant here, to successfully allege the citizenship of an unincorporated business entity such as a limited partnership, a party must do more than just allege the limited partnership's state of formation and the state where it has its principal place of business. Rather, "[t]o sufficiently allege the citizenships of . . . unincorporated business entities, a party must list the citizenships of . . . all the partners of the limited partnership[.]" Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004); see also Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 381 (2016) ("Diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of all of its members." (cleaned up)).

Importantly, allegations regarding the members or partners of unincorporated entities based "upon information and belief" are "insufficient to establish a party's citizenship, and thus, insufficient to establish diversity." Endurance Am. Specialty Ins. Co. v. Morris Hardwick Schneider, LLC, No. 16-CV-01375, 2018 WL 8949294, at *2 (N.D. Ga. Aug. 27, 2018); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1228 (11th Cir. 2017) ("We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st

century.”). And “negative” allegations concerning the citizenship of such entities—that no members or partners are citizens of states in which a plaintiff is a citizen—are equally insufficient to meet the requirements of diversity jurisdiction. See Empire Petroleum Partners, LLC v. Patel, No. 13-CV-3497, 2013 WL 6196549, at *2 n.2 (N.D. Ga. Nov. 27, 2013); see also Cameron v. Hodges, 127 U.S. 322, 324–25 (1888) (rejecting as insufficient an allegation “that none of the complainants are . . . citizens of” the state of defendant’s citizenship to establish diversity jurisdiction).

## III. Analysis

In their motion, the Moving Defendants argue that Plaintiff fails to adequately allege subject matter jurisdiction because it fails to properly plead the citizenship of Defendant Bon Air. [Doc. 22 at 6]. Specifically, the Moving Defendants contend that Plaintiff fails “to plead all partners of Bon Air” as is required for limited partnerships. [Id. at 9]. Instead, the Moving Defendants argue, Plaintiff’s allegation that “‘[t]o the best of [its] knowledge, information, and belief,’ none of Bon Air’s partners are citizens of Texas or Nebraska” is insufficient to “carry its burden to establish diversity jurisdiction.” [Id. at 9 (quoting Am. Compl. ¶ 11)]. In response, Plaintiff requests that this Court allow it to conduct jurisdictional discovery to establish subject matter jurisdiction, relying in part on Basaran v. Martin Data, LLC

to support its arguments. No. 20-CV-03731, 2021 WL 9614107, at *7 (N.D. Ga. Apr. 9, 2021); [Doc. 27 at 4–6].

Here, Plaintiff's allegations regarding the citizenship of Defendant Bon Air are insufficient to properly allege diversity jurisdiction. First, Plaintiff's allegations that "none of Bon Air's partners is a citizen of either Texas or Nebraska" "[t]o the best of [Plaintiff's] knowledge, information, and belief, formed after a reasonable inquiry" does not adequately allege Bon Air's citizenship because it fails to identify its members. Am. Compl. ¶ 11; see Rolling Greens MHP, L.P., 374 F.3d at 1022 ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list . . . all the partners of the limited partnership."). Second, Plaintiff may not base its allegations regarding Bon Air's partners solely on information and belief to properly plead citizenship for diversity purposes. See Callejas v. Hersha Hosp. Mgmt., L.P., No. 18-22510-Civ, 2018 U.S. Dist. LEXIS 119122, at *3 (S.D. Fla. July 13, 2018); see also WestRock CP, LLC v. Corrugated Synergies Int'l, LLC, No. 21-CV-05255, 2022 WL 22915083, at *1 (N.D. Ga. Mar. 31, 2022) (rejecting plaintiff's allegations of defendant LLC's citizenship as insufficient because based on "information and belief"). Third, Plaintiff may not plead citizenship in the negative. See Doc Watson Enters., LLC v. LexisNexis Claims Sols., Inc., No. 17-CV-02421, 2017 WL 11627763, at *1 (N.D. Ga. Oct. 4, 2017) ("A negative

allegation of citizenship—i.e., that no members of the LLC or LP are citizens of a particular state—is insufficient.”).

As to Plaintiff's request for jurisdictional discovery, this request is not properly before the Court as Plaintiff raised it only in its response brief to the instant motion to dismiss. [See Doc. 27]; Wolf v. Celebrity Cruises, Inc., 683 F. App'x 786, 792 (11th Cir. 2017) (upholding district court's denial of jurisdictional discovery request when it was only made in the plaintiff's response to a motion to dismiss).

Even assuming that Plaintiff's request for jurisdictional discovery is properly presented before the court, denial would still be appropriate. While Plaintiff is correct that jurisdictional discovery is proper in certain cases to ensure that the court has subject matter jurisdiction, courts allow such discovery in the case of factual attacks to jurisdiction to resolve disputes of fact regarding jurisdiction. See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007). Instead, the Moving Defendants here assert a facial challenge under Rule 12(b)(1), where “a court must consider the allegations of the plaintiff's complaint as true and merely ‘look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction.’” Efron v. Candelario, 110 F.4th 1229, 1234 n.5 (11th Cir. 2024) (alterations in original) (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

Such a facial attack is different from the factual one at issue in Basaran. There, the defendant sought to dismiss the plaintiff's complaint for lack of personal jurisdiction because the parties disputed the nature and extent of the defendant's business activities in the relevant forum. Basaran, 2021 WL 9614107, at *2–3. Therefore, the court there granted jurisdictional discovery to *prove* the allegations the plaintiff already made in his complaint. Id. at *7. Indeed, the court noted that the plaintiff "ultimately may not be able to *prove* jurisdiction but . . . there appears to be important jurisdictional facts in dispute between the parties that could be resolved through discovery." Id. at *8. In contrast, here, it would not matter whether Plaintiff could prove the allegations in its Amended Complaint because, for the above-discussed reasons, the allegations *themselves* are insufficient to establish [Bon Air's] citizenship, and thus insufficient to establish diversity.

In sum, Plaintiff has not sufficiently alleged diversity jurisdiction nor is jurisdictional discovery warranted here.

## IV. Conclusion

Accordingly, the Court **GRANTS** ARCO and MMP's Motion to Dismiss, [Doc. 22], and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim. See Am. Compl. The Court **DIRECTS** the Clerk to **TERMINATE** the other pending motions [Docs. 20; 26; 35; 38] and **CLOSE** this case.

**SO ORDERED**, this 27th day of October, 2025.

Eleanor L. Ross
United States District Judge
Northern District of Georgia